UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OFFICE OF THE FULTON ) <br> COUNTY DISTRICT ATTORNEY ) <br>      Plaintiff, ) <br> v. ) <br> ) <br> DEPARTMENT OF JUSTICE, an ) <br> agency of the United States, ) <br>      Defendant. ) | CIVIL ACTION NUMBER: <br> 1:18-cv-05902-MLB |

**JOINT PRELIMINARY REPORT AND DISCOVERY PLAN**

Plaintiff and Defendant hereby file their Joint Preliminary Report and Discovery Plan pursuant to Local Rule 16.2 as follows:

**1. Description of the Case**

**a. Describe briefly the nature of this action.**

This is an action brought pursuant to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, to compel Defendant to produce records responsive to outstanding FOIA requests, which Plaintiff submitted to the U.S. Marshals Service ("USMS") on September 6, 2018, September 21, 2018 and February 4, 2019.

**b. Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite evidence.**

Plaintiff submitted FOIA requests on September 6, 2018 and September 21, 2018 to the USMS for records regarding the August 5, 2016 execution of an arrest warrant of Jamarion Robinson by the USMS Southeast Regional Fugitive Task Force ("Fugitive Task Force"), and Robinson's subsequent death. As of December 28, 2018,

the USMS had not yet responded to these requests. On December 28, 2018, Plaintiff filed a suit against Defendant to compel the production of documents identified in these requests.

Thereafter, on February 4, 2019, Plaintiff made a third FOIA request in which Plaintiff sought investigative documents and reports pertaining to the August 5, 2016 incident. On March 12, 2019, after waiting a minimum of twenty days for a response, Plaintiff amended its complaint to compel the production of documents identified in this request as well.

The USMS has responded to all three FOIA requests and produced responsive documents that did not fall within one or more exemption under FOIA. With regard to the documents that were withheld under an exemption, the USMS has produced *Vaughn* Indices identifying the exemption and the basis for asserting the exemption.

The following is a more detailed summary of Plaintiff's three FOIA requests:

    i. <u>Plaintiff's FOIA Request: 2019USMS00297</u>

In Plaintiff's first request, made on September 6, 2018 and assigned number 2019USMS00297, Plaintiff requested "records concerning the U.S. Marshals Service Southeast Regional Task Force ("SERTF") Standard Operating Procedures ("SOPs"), directives, rules, or procedures" regarding fourteen specific topics.

On March 18, 2019, Defendant responded to this request by producing 89 pages of documents, of which 22 contained redactions, as well as a *Vaughn* Index identifying the basis for the redactions. On June 6, 2019, Defendant filed a supplemental response to Plaintiff's FOIA request 2019USMS00297 in which it identified an additional 33 pages of responsive records. Of those 33 pages, Defendant released 21 pages in full

and 12 pages with redactions pursuant to FOIA exemption 5 U.S.C. § 522(b)(7)(E). This production likewise was accompanied by a *Vaughn* Index setting for the basis for the redactions. Thereafter, on July 9, 2019, Defendant submitted a second supplemental response, fully releasing an additional 32 pages of responsive documents.

   ii. Plaintiff's FOIA Request: 2018USMS33138

On September 21, 2018, Plaintiff filed a second FOIA request seeking additional federal policies. This request, assigned number 2018 USMS33138, sought a copy of US Marshal Form 133.

On March 15, 2019, Defendant produced the USM-133 Use of Force Report. The report was released with redactions made on 1 of the 5 pages pursuant to 5 U.S.C. § 552 (b)(7)(E).

 Thereafter, on June 6, 2019, Defendant issued a supplemental response to FOIA request USMS33138. In its supplemental response, Defendant identified an additional responsive document, Form USM-333, "Weapon Qualification and Proficiency Record/Authorization to Use Personally Owned Weapons." Defendant withheld the document in full under FOIA exemption 5 U.S.C. § 552 (b)(7)(A). Defendant stated that the document pertained to an on-going administrative investigation of OPR-IA.

   iii. Plaintiff's Request: 2019USMS33759

On February 4, 2019, Plaintiff filed a third FOIA request for "internal investigative documents and reports, as well as recorded interviews, either reviewed or prepared by the Department of Justice pertaining to the August 5, 2016 execution of an arrest warrant for Jamarion Robinson and the resulting death of Mr.

Robinson by members of the Southeast Regional Task Force." This request was assigned number 2019USMS33759. On June 6, 2019, Defendant produced a *Vaughn* Index detailing that responsive records had been located but were being withheld pursuant to FOIA exemption 5 U.S.C. § 522(b)(7)(A). Again, Defendant stated that the responsive records pertain to an on-going administrative investigation by ORA-IA. Plaintiff objects to the withholding of these records. Plaintiff also has not yet conceded the adequacy of the search.

    c. **The Legal Issues to be Tried are as Follows:**

        (1) Whether Defendant's withholding of documents responsive to Plaintiff's 2nd and 3rd FOIA requests under FOIA exemption 5 U.S.C. § 522(b)(7)(A) was proper?

2. **This case is not complex**.

3. **Counsel**:

    The following individual-named attorneys are hereby designated as lead counsel for the parties:

    Plaintiff:    Lyndsey Rudder
                  Georgia Bar No. 421055

    Defendant:    Neeli Ben-David
                   Georgia Bar No. 049788

4. **Jurisdiction**

    Is there any question regarding this Court's jurisdiction?
    ___Yes    _X_No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss

separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   a. **The following persons are necessary parties who have not been joined:**

   Neither Plaintiff nor Defendant contends at this time that there are any necessary parties who have not been joined.

   b. **The following persons are improperly joined as parties:**

   Neither Plaintiff nor Defendant contends at this time that any of the named parties are improperly joined.

   c. **The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**

   Neither Plaintiff nor Defendant contends at this time that any of the named parties are inaccurately stated or have necessary portions of their names omitted.

   d. **The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

6. **Amendments to the Pleadings:**

   Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.

   a. **List separately any amendments to the pleadings that the parties anticipate will be necessary:**

Neither Plaintiff nor Defendant contends at this time that any amendments to the pleadings will be necessary, however Plaintiff reserves its right to amend its pleadings to include new FOIA requests for newly disclosed documents.

    **b. Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7. Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

    a. *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

    b. *Summary Judgment Motions:* within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

    c. *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

    d. *Motions Objecting to Expert Testimony:* <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

**8. Initial Disclosures:**

The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).

Plaintiff and Defendant agree that in FOIA cases, discovery is disfavored and generally inappropriate. *See Miscaviage v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993). As such, neither party seeks Initial Disclosures and they jointly request the Court to excuse them from the obligation to serve them.

### 9. Request for Scheduling Conference:

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

Neither Plaintiff nor Defendant requests a scheduling conference with this Court.

### 10. Discovery Period:

The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, and (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

Plaintiff contends that it needs discovery related to both the adequacy of Defendant's search for responsive records and the reasonableness of Defendant's exemptions. Particularly, Plaintiff seeks to better understand how, and where, Defendant searched for records and the basis for invoking certain exemptions.

Defendant contends that discovery is unnecessary and unwarranted in this case. *See Miscavige v. IRS*, 2 F.3d 366, 369 (11th Cir. 1993). An agency can carry its burden of showing that its search was adequate and that the documents withheld are exempt from production by submitted declarations, which are entitled to a presumption of good faith. *See Karanstalis v. U.S. Dept. of Justice*, 635 F.3d 497, 500 (11th Cir. 2011) ("An affidavit from a government official concerning a government agency's search in response to a FOIA request is sufficient evidence to establish that the search was "reasonably calculated to uncover all relevant documents" provided that the affidavit is "relatively detailed, nonconclusory, and submitted in good faith."); *Florez v. CIA*, 829 F.3d 178, 182 (2d Cir. 2016) ("An agency may carry its burden by submitting declarations giving reasonably detailed explanations why any withheld documents fall within an exemption, and such declarations are accorded a presumption of good faith."); *Long v. Office of Pers. Mgmt.*, 692 F.3d 185, 190 (2d Cir. 2012) ("In resolving summary judgment motions in a FOIA case, a district court proceeds primarily by affidavits in lieu of other documentary or testimonial evidence."). Factual discovery "relating to an agency's search and the exemptions it claims for withholding records generally is unnecessary if the agency's submissions are adequate on their face." *Grand Cent. P'ship*, 166 F.3d at 488. It is presumed that affidavits submitted by the agency were submitted in good faith. *Id.*

**11. Discovery Limitation and Discovery of Electronically Stored Information:**

   a. **What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

   None at this time.

   b. **Is any party seeking discovery of electronically stored information?**

   _x_ Yes _\_ No

   If "yes,"

   (1) **The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

   Plaintiff believes that discovery should include, at a minimum, information sufficient to (a) determine the parameters and scope of

Defendant's search for responsive records, (b) justify the invocation of FOIA exemption (b)(7)(A), specifically information about the disclosure of records could "interfere with enforcement proceedings," and (c) justify any other exemptions that Defendant might invoke to withhold responsive records.

Defendant contends discovery is not necessary, as discussed in greater detail above. The parties disagree.

(2) **The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

To the extent discovery is allowed, Plaintiff seeks records in their native electronically stored format.

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

Other than for the appropriateness of commencement of discovery and the filing of motions for summary judgment, none at this time.

**13. Settlement Potential:**

    **a. Counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on July 10, 2019, and that they participated in settlement discussions.**

    **b. All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

(_) A possibility of settlement before discovery.

(X) A possibility of settlement after discovery, assuming Plaintiff is entitled to discovery.

(_) A possibility of settlement, but a conference with the judge is needed.

(_) No possibility of settlement.

    **c. Counsel ( ) do or (x) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined.**

    **d. The following specific problems have created a hindrance to settlement of this case.**

Plaintiff and Defendant disagree on the validity of Defendant's claimed FOIA exemptions and, potentially, the adequacy of the Defendant's search for responsive records.

**14. Trial by Magistrate Judge:**

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

**a.** The parties ( _) do consent to having this case tried before a magistrate judge of this Court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this 31st day July, of 2019.

**b.** The parties (X) do not consent to having this case tried before a magistrate judge of this Court.

| | |
|---|---|
| /s/ Lyndsey Rudder<br>Georgia Bar No. 421055<br>Deputy District Attorney<br>Office of the Fulton County District Attorney<br>136 Pryor Street, SW<br>Third Floor<br>Atlanta, GA 30303<br>(404) 612-4972<br>(404) 332-0397 (fax)<br>Lyndsey.rudder@fultoncountyga.gov<br>*\*signed with express permission by Neeli Ben-David* | Byung J. Pak<br>United States Attorney<br><br>/s/Neeli Ben-David<br>Assistant U.S. Attorney<br>Georgia Bar No. 049788<br>600 U.S. Courthouse<br>75 Ted Turner Drive, S.W.<br>Suite 600<br>Atlanta, Georgia 30303<br>(404) 581-6303<br>(404) 581-4667 (fax)<br>Neeli.ben-david@usdoj.gov |

## **SCHEDULING ORDER**

    Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2019.

_____
THE HON. MICHAEL L. BROWN
UNITED STATES DISTRICT JUDGE